IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY VARGAS, on behalf of herself and those similarly situated | ) ) ) ) | Civil Action No. 12-cv-05378 |
| Plaintiff | ) ) ) | |
| vs. | ) ) ) | |
| ST. LUKE'S HOSPITAL & HEALTH NETWORK, ELISSA LANEVE, And JOHN DOES 1-10 | ) ) ) ) ) | |
| Defendants | ) ) | |

\*   \*   \*

APPEARANCES:

> JOSHUA S. BOYETTE, ESQUIRE
> On behalf of Plaintiff

> SARAH F. BOUCHARD, ESQUIRE
> On behalf of Defendants

\*   \*   \*

# O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint.[1]  For the reasons

---

[1]     Defendants' motion to strike and dismiss the complaint was filed on July 19, 2013 (Document 32) together with a Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint (Document 32-1).  On August 5, 2013 plaintiff filed Plaintiff's Opposition to Defendants' Motion to Dismiss and Strike (Document 33).

expressed below, defendants' motion to strike and dismiss the
complaint is denied.

## SUMMARY OF COMPLAINT

Plaintiff, Kelly Vargas, filed a five count Second
Amended Individual, Collective, and Class Action Civil Complaint
("Second Amended Complaint") in the United States District Court
for the Eastern District of Pennsylvania.[2]

Count I alleges that defendants, St. Luke's Hospital &
Health Network[3] and John Does 1-10, failed to pay overtime
compensation to plaintiff and those similarly situated pursuant
to the Fair Labor Standards Act ("FLSA")[4] when those plaintiffs
worked during a 12-minute grace period and were not compensated
for such work.  Count II alleges that in violation of the FLSA
defendants, St. Luke's and plaintiff's manager, defendant Elissa
Laneve, failed to pay overtime compensation for work performed
during unpaid meal breaks by plaintiff and those similarly
situated.

Count III[5] alleges that defendants, St. Luke's and John
Does 1-10, failed to pay wages and overtime in violation of the

_____

[2]    The Second Amended Complaint was filed July 5, 2013
(Document 31).

[3]    As used throughout this Opinion "St. Luke's" refers to defendant
St. Luke's Hospital & Health Network.

[4]    29 U.S.C.A. §§ 1 to 3007.

[5]    Count III is mislabeled as Count II in plaintiff's Second Amended
Complaint.

Pennsylvania Minimum Wage Act[6] when they were not paid at least one and one half times the regular rate of pay for each hour worked in excess of forty hours per workweek.  Count IV[7] alleges that defendants, St. Luke's and John Does 1-10, failed to pay wages and overtime in violation of Pennsylvania Wage Payment Collection Law[8] when defendant entered into an oral employment contract to pay plaintiffs hourly for all time worked and failed to pay all wages they are owed under their individual oral employment contracts.

Count V[9] alleges that defendants, St. Luke's and Elissa Laneve, failed to pay named plaintiff Kelly Vargas wages and overtime for her work during the 12-minute grace period and work during unpaid meal breaks in violation of the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment Collection Law.

## SUMMARY OF DECISION

For the reasons discussed below, I deny defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint.

---

[6]     Act of May 5, 1979, as amended, 43 P.S. §§ 333.101 to 333.115.

[7]     Count IV is mislabeled as Count III in plaintiff's Second Amended Complaint.

[8]     Act of July 14, 1961, P.L. 637, §§ 1-12, as amended, 43 P.S. §§ 260.1 to 260.12.

[9]     Count V is mislabeled as Count IV in plaintiff's Second Amended Complaint.

Specifically I deny defendants' motion to strike because defendants incorrectly rely upon matters outside the pleadings to strike matters within the pleadings.  I deny defendants' motion to dismiss plaintiff's collective action claims because plaintiff has sufficiently pled that she is similarly situated to the collective class.

I deny defendants' motion to dismiss plaintiff's class action claims because plaintiff has sufficiently pled that common issues predominate throughout the claim.

Finally, I deny defendants' motion to dismiss plaintiff's FLSA claims because plaintiff has sufficiently pled that she is due straight-time and overtime compensation for work performed.

## JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in this judicial district.

## PROCEDURAL HISTORY

On September 20, 2012 plaintiff filed an Individual, Collective, and Class Action Civil Complaint[10] in the United

---

[10]    Document 1.

States District Court for the Eastern District of Pennsylvania asserting claims against defendant, St. Luke's Hospital & Health Network, for violations of the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment Collection Law.  Defendant subsequently filed Defendant's Motion to Dismiss Plaintiff's Individual, Collective, and Class Action Civil Complaint on October 16, 2012.[11]

On October 25, 2012 plaintiff filed a First Amended Individual, Collective, and Class Action Civil Complaint[12] adding defendant, Elissa Laneve, to the complaint.  On November 8, 2012, defendants filed Defendants' Motion to Dismiss Plaintiff's First Amended Individual, Collective, and Class Action Civil Complaint.[13]

By Order dated and filed June 18, 2013 I (A) dismissed as moot Defendant's Motion to Dismiss Plaintiff's Individual Collective, and Civil Action Civil Complaint; I (B) dismissed as moot Defendants' Motion to Dismiss Plaintiff's First Amended Individual, Collective, and Class Action Civil Complaint; and I (C) granted plaintiff leave to file a second amended complaint.

---

[11]     Document 5.

[12]     Document 6.

[13]     Document 9.

On July 5, 2013 plaintiff filed a Second Amended Individual, Collective, and Class Action Civil Complaint.[14]  On July 19, 2013 defendant filed Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint.[15]

Hence this Opinion.

## STANDARD OF REVIEW

### Motion to Strike

When considering a motion to strike under Federal Rule of Civil Procedure 12(f) "redundant, immaterial, impertinent or scandalous" material may be stricken.  Fed.R.Civ.P. 12.  While generally not favored by courts, when the allegations are so unrelated to plaintiff's claims as to be "unworthy of any consideration" a motion to strike pursuant to Rule 12(f) is appropriate.  Johnson v. Anhorn, 334 F.Supp.2d 802, 809 (E.D.Pa. 2004)(Brody, J.).

Content is immaterial when it "has no essential or important relationship to the claim for relief."  Donnelly v. Commonwealth Financial Systems, 2008 U.S.Dist. LEXIS 28604 (M.D.Pa. March 20, 2008) (citing Delaware Healthcare, Inc. v. MCD Holding Co., 893 F.Supp. 1279, 1291-1292 (D.Del. 1995)).  Content is impertinent when it does not pertain to the issues

---

[14]    Document 31.

[15]    Document 32.

raised in the complaint.  <u>Id.</u> (citing <u>Cech v. Crescent Hills</u> <u>Coal Co.</u>, 2002 U.S.Dist. LEXIS 15731, *117 (W.D.Pa. July 25, 2002)).  Scandalous material "improperly casts a derogatory light on someone, most typically on a party to the action." <u>Id.</u> (citing <u>Carone v. Whalen</u>, 121 F.R.D. 231, 233 (M.D.Pa. 1988)).

"The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." <u>Steak Umm Co., LLC v. Steak 'Em Up, Inc.</u>, 2009 U.S.Dist. LEXIS 101357, *4 (E.D.Pa. 2009)(Stengel, J.) (citing <u>Johnson v. Anhorn</u>, 334 F.Supp.2d 802, 809 (E.D.Pa. 2004)(Brody, J.)).

## **Motion to Dismiss**

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)(abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other

judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268
(3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure
9, a complaint is sufficient if it complies with Rule 8(a)(2),
which requires "a short and plain statement of the claim showing
that the pleader is entitled to relief".  Fed.R.Civ.P. 8(a)(2)
does not require heightened fact pleading of specifics, but only
enough facts to state a claim to relief that is plausible on its
face.  Twombly, 550 U.S. at 570, 127 S.Ct. at 1974,
167 L.Ed.2d at 949.[16]

In determining whether a complaint is sufficient, the
court must accept all factual allegations as true, construe the
complaint in the light most favorable to the plaintiff, and
determine whether, under any reasonable reading, the plaintiff
may be entitled to relief.  Fowler, 578 F.3d at 210 (citing
Phillips v. County of Allegheny, 515 F.3d 224, 233
(3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will
not survive a motion to dismiss, Fowler, 578 F.3d at 210, a
complaint may not be dismissed merely because it appears

---

[16]    The Supreme Court's Opinion in Ashcroft v. Iqbal, 556 U.S. 662,
684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that
the "facial plausibility" pleading standard set forth in Twombly applies to
all civil suits in the federal courts.  Fowler v. UPMC Shadyside,
578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then
"allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged", and that plaintiff is entitled to relief.
Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949,
173 L.Ed.2d at 884).

unlikely that the plaintiff can prove those facts or will
ultimately prevail on the merits.  Phillips, 515 F.3d at 231.
Nonetheless, to survive a Rule 12(b)(6) motion, the complaint
must provide "enough facts to raise a reasonable expectation
that discovery will reveal evidence of the necessary element."
Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965,
167 L.Ed.2d at 940) (internal quotations omitted).

        The court is required to conduct a two-part analysis
when considering a Rule 12(b)(6) motion.  First, the factual
matters averred in the complaint, and any attached exhibits,
should be separated from legal conclusions asserted.
Fowler, 578 F.3d at 210.  Any facts pled must be taken as true,
and any legal conclusions asserted may be disregarded.
Id. at 210-211.

        Second, the court must determine whether those factual
matters averred are sufficient to show that the plaintiff has a
"plausible claim for relief."  Id. at 211 (quoting Iqbal,
556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

        Ultimately, this two-part analysis is "context-
specific" and requires the court to draw on "its judicial
experience and common sense" to determine if the facts pled in
the complaint have "nudged [plaintiff's] claims" over the line
from "[merely] conceivable [or possible] to plausible."  Iqbal,

556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

### FACTS

Based upon averments in the Second Amended Complaint, and accepting all factual allegations in the Second Amended Complaint as true, and construing it in the light most favorable to the plaintiff, as I must do under the foregoing standard of review, the pertinent facts are as follows.

Plaintiff, Kelly Vargas, is a former employee of defendant, St. Luke's Hospital & Health Network. She worked for defendant hospital from 2000 to August 8, 2012 as a Certified Nurse Assistant ("CNA")[17]. While working for the hospital, plaintiff had to use a clock-in and clock-out computerized system, known as Kronos.[18] This system monitored the exact time plaintiff started and ended her shift.[19] Whenever plaintiff

---

[17]     Second Amended Complaint ¶¶ 9, 15, 16, 31.

[18]     Id. at ¶¶ 35, 37, 54.

[19]     Id. at ¶¶ 35-37.

clocked in using the Kronos system, she immediately started
working.[20]

The Kronos system allowed plaintiff to clock in to her
shift up to twelve minutes before or twelve minutes after the
scheduled shift time has started.  This twenty-four minute time
span is known as the "grace period".  The grace period also
applied to the end of plaintiff's shift as the Kronos system
allowed plaintiff to clock out of her shift up to 12 minutes
before or 12 minutes after her shift has ended.[21]

Although the Kronos system allows an individual to
clock in and commence work before the scheduled shift time and
end work after the scheduled shift time, St. Luke's rounds the
start time and end time of plaintiff's shift to the scheduled
shift time.[22]  Defendant St. Luke's does not compensate plaintiff
for any work performed during the grace period.[23]  The result is
that plaintiff is deprived of compensation when she clocks in
early, clocks out late, or both.[24]

_____

[20]      Second Amended Complaint ¶ 37.

[21]      Id. at ¶¶ 41, 44, 46, 47, 52.

[22]      Id. at ¶¶ 37, 41, 42, 44, 46, 47, 49.

[23]      Id. at ¶ 45.

[24]      Id. at ¶ 49.

Plaintiff alleges that she was deprived of compensation during the grace period on nearly every shift.[25]

Plaintiff also was allotted a thirty-minute unpaid meal break during each shift.[26]  During this time plaintiff was supposed to have an uninterrupted break to have a meal.[27] Defendant, Elissa Laneve, who was plaintiff's manager and was employed by defendant, St. Luke's, enforced a pattern of practice of requiring plaintiff to work during part of her meal break.[28]  As a result, plaintiff was uncompensated for the time she worked during her meal break.[29]

Plaintiff brings this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) on behalf of all individuals who worked for defendant, St. Luke's, for the past three years and were uncompensated for work performed during the grace period. Plaintiff also brings a collective action on behalf of all individuals who were managed by defendant, Elissa Laneve, and were uncompensated for work performed during their meal breaks.[30] Finally, plaintiff brings a class action on behalf of all

---

[25]     Second Amended Complaint ¶ 56.

[26]     Id. at ¶ 66.

[27]     Id. at ¶¶ 71-72.

[28]     Id. at ¶¶ 9, 67-70, 75.

[29]     Id. at ¶ 15.

[30]     Id. at ¶ 13-15.

individuals who worked for St. Luke's for the past three years and were uncompensated for work performed during the grace period.[31]

## DISCUSSION

### Motion to Strike

Defendants seek to strike several paragraphs in Plaintiff's Second Amended Complaint as impertinent and scandalous information.[32]  Specifically, defendants seek to strike paragraphs 37, 44, 56, and 70 because those paragraphs are "demonstrably false"[33] allegations.  Defendants also seek to strike paragraphs 34, 44, and 56 because plaintiff does not include herself in the term "collective plaintiffs".

Motions to strike are decided on the pleadings alone, and should not be granted unless the relevant insufficiency is "clearly apparent."  See Hanover Insurance Company v. Ryan, 619 F.Supp.2d 127, 132-133 (E.D.Pa. 2007)(Stengel, J.); Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986); See North Penn Transfer, Inc. v. Victaulic

---

[31]     Second Amended Complaint ¶ 23.

[32]     See Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at pages 21-25.

[33]     See Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at page 21.

<u>Company of America</u>, 859 F.Supp. 154, 158 (E.D.Pa. 1994)
(Van Antwerpen, J.).

      Defendants seek to strike paragraphs 37, 44, and 70,
arguing that based on deposition testimony taken during pre-
complaint discovery these paragraphs are "demonstrably false".
However, the deposition testimony which could arguably make
paragraphs 37, 44, and 70 "demonstrably false" carries no weight
when evaluating a motion to strike because the deposition is not
part of the pleadings and not considered when evaluating a
motion to strike.[34]   Thus, defendants' motion to strike
paragraphs 70, 37, 44 is denied.

      In addition, defendants seek to strike paragraphs 34,
44, and 56 because they argue that plaintiff does not generally
allege that she personally performed uncompensated work within
those paragraphs.  Defendants allege that plaintiff uses the
term "Named Plaintiff" in some paragraphs of the Second Amended
Complaint to refer to herself specifically, but when using the
term "Plaintiffs" she is not referring to herself.

      However, this argument is without merit because
paragraph 32 of the Second Amended Complaint indicates that
"Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs
(hereinafter collectively "Plaintiffs") are current and/or

---

[34]     See <u>North Penn Transfer</u>, 859 F.Supp. at 158.

former hourly employees of Defendant St. Luke's who within the last three years have been employed by Defendant St. Luke's."[35]

Thus, paragraph 32 of the Second Amended Complaint allows the permissive inference that when plaintiff uses the term "Plaintiffs" in paragraphs 34, 44, and 56 she is also including herself in the collective term.  Because the term "Plaintiffs" is established to include plaintiff herself, defendants' motion to strike paragraphs 34, 44, and 56 is denied.

### Motion to Dismiss Collective Action Claim

Defendants seek to dismiss the collective action claims, arguing that plaintiff does not allege that she is similarly situated to the collective class.[36]

"An action to recover the liability prescribed [by this statute] ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 536 (3d Cir. 2012)(citing 29 U.S.C. § 216(b)).

It is clear from the statutory text of the FLSA that the standard to be applied on final certification is whether the proposed collective plaintiffs are "similarly situated."  Id.

---

[35]     Second Amended Complaint ¶ 32.

[36]     See Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at page 19.

Being similarly situated does not mean simply sharing a common
status.  Id. at 538.

The relevant inquiry is whether plaintiff's proposed
class consists of similarly situated employees who were
collectively the victims of a single decision, policy, or plan
of the employer.  See Lugo v. Farmer's Pride Inc.,
737 F.Supp.2d 291, 200 (E.D.Pa. 2010)(Baylson, J.)(citing Ruehl
v. Viacom, Inc., 500 F.3d 375, 388 (3d Cir. 2007)).

Defendants argue that plaintiff is not similarly
situated to the collective class because all individuals do not
have substantially similar job duties.  Specifically, defendants
argue that different types of employees, such as receptionists,
janitors, and parking attendants, who work for St. Luke's cannot
have substantially similar job duties because different types of
employees have different job functions.

However defendants' argument is without merit because
examination of substantially similar job duties is not the
relevant inquiry.  Rather, the relevant inquiry is whether all
individuals are subjected to the same employer practice.[37]

While each employee may have a different job function,
all individuals are subject to the same common employer practice
which could be a violation under the FLSA.  Thus, defendants'
motion to dismiss plaintiff's collective action is denied.

_____

[37]     See Lugo, 737 F.Supp.2d at 200 (citing Ruehl, 500 F.3d at 388).

## Motion to Dismiss Plaintiff's Class Action Claim

Defendants allege that plaintiff's class action claims should be dismissed because common issues do not predominate throughout the claim.[38]

Federal Rule of Civil Procedure 23(a) requires that named plaintiffs be appropriate representatives of the class whose claims they wish to litigate.  See Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374, 380-389 (2011). The Rule has four requirements: numerosity, commonality, typicality, and adequate representation.  Id.  These requirements limit the claims of the class to those encompassed by the named plaintiff's claims.  Id.

Commonality requires a plaintiff to show that there are questions of law or fact common to the class.  See Wal-Mart Stores, Inc., 121 S.Ct. at 2550-2551, 180 L.Ed.2d at 389.  This does not mean merely that they have all suffered a violation of the same provision of law but rather their claims must depend upon a common contention which is capable of class wide resolution.  See id.

Defendants allege that here common issues do not predominate because individualized inquiries are required to effectively address every class member's claim.  However,

---

[38]   See Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at page 21.

plaintiff pleads that the class she seeks to represent was
subjected to an unlawful rounding system, unlawful wage
policies, and defendants' unlawful policies.

These issues are common contentions and are central to
the validity of all proposed class's claims.  If these issues
are addressed, the proposed class's claims are capable of class-
wide resolution.  Thus, defendants' argument is without merit
because plaintiff has sufficiently pled that common issues
predominate because common policies are applied to all of St.
Luke's non-exempt employees.

**Motion to Dismiss Plaintiff's Overtime and Straight-time Claims**

Defendants state five grounds upon which they argue
that plaintiff's claims should be dismissed because she has
inadequately pled that she is entitled to overtime and straight-
time compensation.[39]

In order to state a claim under the FLSA for wage and
overtime compensation, plaintiffs must allege: (1) plaintiffs
are employees of defendant; (2) plaintiff's work involved some
kind of interstate activity; and (3) the approximate number of
hours worked for which they did not receive these wages.  See
Fair Labor Standards Act, 29 U.S.C. §§ 206(a), 207(a)(1),
216(b); See also Scott v. Bimbo Bakeries, USA, Inc.,

---

[39]   See Memorandum of Law in Support of Defendants' Motion to Strike
and Dismiss Plaintiff's Second Amended Individual, Collective, and Class
Action Civil Complaint at pages 8-18.

2012 WL 645905 (E.D.Pa. 2012)(Goldberg, J.)(citing <u>Zhong v.</u>
<u>August Corp.</u>, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007)).

In addition, where plaintiffs brings suit on behalf of
themselves and those similarly situated, "the complaint should
indicate who those other employees are, and allege facts that
would entitle them to relief." <u>Id.</u> In her complaint, plaintiff
has to plead that she performed work for which she was not
compensated. <u>See</u> <u>Alers v. City of Philadelphia</u>,
919 F.Supp.2d 528, 558 (E.D.Pa. 2013)(Jones, J.)(citing <u>Sniscak</u>
<u>v. Borough of Raritan</u>, 86 Fed.Appx. 486, 487 (3d Cir. 2003)).

Specific instances or approximations are not required
in the initial pleading stage of a case because the burden is to
merely present a prima facie case. This burden is met if
plaintiff proves that she has performed work for which she is
improperly compensated and sufficient evidence, which may be
supported by reasonable inferences, to show the amount and
extent of uncompensated work. <u>See</u> <u>Reich v. Gateway Press, Inc.</u>,
13 F.3d 685, 701 (3d Cir. 1994).

<u>No Specific Instance of Uncompensated Work</u>

Defendants first contend that plaintiff has not
pleaded any specific instance where she has been uncompensated
for her work during a meal break or grace period.[40] Alterna-

---

[40] <u>See</u> Memorandum of Law in Support of Defendants' Motion to Strike
and Dismiss Plaintiff's Second Amended Individual, Collective, and Class
Action Civil Complaint at page 13.

tively, defendants contend that plaintiff's allegations are insufficient to demonstrate that plaintiff, herself, performed any work during the grace period that was not compensated.

Defendants' argument with regard to the grace period claims is without merit.  Plaintiff has pleaded specific instances when she has worked and was uncompensated for that time, which pleadings are sufficient for purposes of a motion to dismiss.  The Second Amended Complaint establishes that plaintiff began to work during a grace period upon clocking in and ceased to work upon clocking out.  In some instances, clocking in and clocking out were during grace period times.[41]

Even though plaintiff worked during grace period times, St. Luke's rounding policy deprived plaintiff of compensation during those times.  Although specific instances are not required, examination of the of plaintiff's time cards provides, for example, that in January 2011 plaintiff worked 10.91 hours more than was recorded by defendant's time keeping program.[42]  Thus, plaintiff has adequately pleaded that she performed work for which she was not compensated.

---

[41]        Second Amended Complaint ¶¶ 37, 42, 44.

[42]        Plaintiff's Second Amended Complaint states that named plaintiff worked 17 shifts during the month of January 2011 and the rounding system deprived named plaintiff of 1.43 hours of compensation for work performed. However, examination of plaintiff's timecard for the month of January 2011 revealed that plaintiff worked 19 shifts and the rounding system deprived named plaintiff 10.916 hours of compensation.  See Second Amended Complaint ¶ 57, Exhibit to Second Amended Complaint.

Additionally, defendants' argument with regard to plaintiff's lunch break claims is without merit.  Plaintiff's Second Amended Complaint establishes that she was subjected to a regular practice by her direct manager that she had to work through her unpaid meal breaks.[43]  While the time cards do not reflect the exact time of plaintiff's unpaid meal breaks, specific instances are not required and the complaint supports the permissive inference that there is at least one instance where she performed uncompensated work during an unpaid meal break.[44]  Thus, plaintiff has adequately pleaded that she performed work for which she was not compensated.

Additionally, defendants also contend that plaintiff herself did not perform any work during a meal break or grace period because she does not specifically refer to herself in the complaint.  This contention is without merit as the term plaintiff is a collective term intended to include the named plaintiff, Kelly Vargas.

---

[43]     Second Amended Complaint ¶¶ 70, 71, 15.

[44]     Although plaintiff's Second Amended Complaint does not directly aver times and dates for unpaid meal breaks, facts averred in the Second Amended Complaint support the inference that plaintiff performed work during her meal breach for which she was not compensated.  This inference is supported by facts averred that plaintiff was subject to a pattern of practice by defendant where she was required to respond to patient calls during her unpaid meal break, on a regular basis was unable to take an uninterrupted meal break, and was uncompensated for work performed during this unpaid time.  See Second Amended Complaint ¶¶ 70, 67, 73.

-21-

<u>No Specific Instance of Overtime Uncompensated Work</u>

Defendants next contend that plaintiff has not pleaded any specific instances that she worked more than 40 hours during weeks she was denied overtime.[45]  However, defendants' argument is without merit because plaintiff's Second Amended Complaint supports the reasonable inference that there is at least one time where she has worked overtime.[46]  Thus, plaintiff has adequately pleaded that she performed work for which she was not compensated.

<u>No Approximation in the Hours of Uncompensated Work</u>

Defendants also contend that plaintiff has not approximated the number of unpaid overtime and straight-time hours plaintiff worked.[47]  Defendants' argument is without merit as approximation of the number of hours is not necessary to support a complaint of an FLSA claim.[48]  Plaintiff merely has to allege that she performed work for which she was not compensated.  Plaintiff has adequately pleaded that she has

---

[45]    <u>See</u> Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at page 15.

[46]    Plaintiff avers that she routinely works overtime.  This averment supports the inference that there is one specific instance where she performed work which resulted in overtime and was uncompensated.  <u>See</u> Second Amended Complaint at ¶ 64.

[47]    <u>See</u> Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at page 16.

[48]    <u>See</u> <u>Reich v. Gateway Press, Inc.</u>, 13 F.3d 685, 701 (3rd Cir. 1994).

performed overtime and straight-time work for which she was not compensated.[49]

### No Allegation of Job Duties Performed by Plaintiff

Defendants contend that plaintiff has not pleaded any facts regarding the job duties plaintiff performed.[50] Again, defendants' argument is without merit because allegations of specific job duties are not required.[51] Plaintiff merely has to allege that she performed work for which she was not compensated. Plaintiff has alleged that she and the collective class perform regular job duties.[52] This allegation is sufficient for a complaint and thus, plaintiff has adequately pleaded she has performed work for which she was not compensated.

### Plaintiff Was Not Required to Work During Grace Period

Defendants also contend that plaintiff fails to allege that she was required to work during the grace period without

---

[49]    Plaintiff avers that she worked during uncompensated grace period times and she routinely works overtime.  These averments support the inference that plaintiff performed straight-time and overtime work for which she was not compensated.  See Second Amended Complaint ¶¶ 56, 64.

[50]    See Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at page 17.

[51]    See Reich, 13 F.3d at 701.

[52]    Plaintiff avers that she immediately began working once she clocked in under the KRONOS system and this time was not compensated.  See Second Amended Complaint ¶¶ 42, 44.

compensation.[53]  Defendants' argument is without merit because plaintiff has satisfied her requirement of alleging that she performed work for which she was not compensated.  The question of whether she was required to work during the grace period is not the requisite inquiry when plaintiff is alleging a FLSA Claim.  Therefore, plaintiff has adequately pleaded that she has performed work for which she was not compensated.[54]

## CONCLUSION

For the reasons expressed above, defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint is denied.

---

[53]    See Memorandum of Law in Support of Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Individual, Collective, and Class Action Civil Complaint at page 18.

[54]    The correct inquiry is that plaintiff has to allege that she performed work for which she was not compensated which plaintiff pled sufficiently for her straight-time, overtime, and meal break claims.  See Reich, 13 F.3d at 701; See Second Amended Complaint ¶¶ 37, 42, 44, 64, 67, 70, 71, 73.